UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JAMES D. KOZOHORSKY,               )
                                   )
                    Movant,        )
                                   )
        vs.                        )        Case No. 1:14CV00046 SNLJ
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                    Respondent.    )

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct

sentence by James D. Kozohorsky, a person in federal custody. On January 6, 2012,

Kozohorsky was found guilty by a jury of the offense of failure to register as a sex

offender, and on April 23, 2012, this Court sentenced Kozohorsky to the Bureau of

Prisons for a term of 120 months, the statutory maximum sentence. Kozohorsky's  § 2255

action, which is based on several allegations of ineffective assistance of counsel, is fully

briefed and ripe for disposition.

## I. BACKGROUND SUMMARY

Movant, James D. Kozohorsky (hereinafter "Kozohorsky"), is a thrice-convicted

sex offender. Between 2003 and early 2009, he updated his sex offender registration

approximately every three months in the states of Arkansas, Wisconsin, and Missouri. He

completed his last sex offender registration form while living outside of prison in

Missouri, in February 2010. Kozohorsky moved from Missouri to Arkansas around

March of 2010. He was arrested in Arkansas in September 2010. At the time of his arrest, Kozohorsky's sex offender registration was not current in any state.

Before the federal indictment was sought, Kozohorsky had two state failure to register cases pending in Butler County, Missouri. He pled guilty to failure to register for conduct in 2009. The second case was dismissed, which was for conduct in March 2010. After the federal indictment was filed, Kozohorsky moved to dismiss the indictment alleging that it violated the Double Jeopardy and Due Process clauses of the Fifth Amendment. This Court denied the motion.

In January 2012, a jury found James D. Kozohorsky guilty of violating 18 U.S.C. § 2250, Failing to Update his Sex Offender Registration in Arkansas.

The Presentence Report (PSR) concluded the advisory Guidelines range was 100-125 months imprisonment. However, before the sentencing hearing, the Government announced that no evidence would be presented regarding a six-level enhancement that supported the 100-125 months Guidelines range, and as a result, the advisory Guidelines range was 57-71 months. However, the Government requested an upward variance to the statutory maximum sentence, 120 months.

Kozohorsky's objections to the PSR included his opposition to two points being assessed for obstruction of justice and the inclusion of information from an Offender Profile Report that concluded Kozohorsky is a sexually violent predator in the PSR.

This Court denied Kozohorsky's objection regarding the obstruction of justice enhancement and considered information from the Offender Profile Report in

determining an appropriate sentence. This Court ordered a sentence of 120 months

imprisonment, followed by lifetime supervised release, and a $100 special assessment.

On March 4, 2013, Kozohorsky's conviction and sentence were affirmed. *United States v. Kozohorsky*, 708 F.3d 1028 (8th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 1014 (2014). On May 7, 2013, Kozohorsky's Petition for Rehearing and Rehearing En Banc was denied. On January 21, 2014, Kozohorsky's Petition for Writ of Certiorari was denied by the United States Supreme Court.

## II. BACKGROUND

James D. Kozohorsky has been convicted of raping, or attempting to rape three different women. He has also been convicted of threatening one of his prior rape victims with death or serious bodily injury.

**A.     PRIOR OFFENSES, PRETRIAL AND TRIAL**

1.     <u>Kozohorsky's Rape and Attempted Rape Convictions</u>.

In 1988, Kozohorsky was convicted of  rape for unlawfully engaging in sexual intercourse with an adult female by forcible compulsion on January 15, 1987. A charge of Aggravated Sexual Assault against a separate victim was dismissed. (PSR ¶31)

Three years later, Kozohorsky was convicted of raping a woman on November 15, 1989. (PSR ¶32) Court records reflect Kozohorsky threatened to kill the victim while he engaged in forced sexual intercourse with her. *Id.*

In 1991, Kozohorsky was convicted of Terroristic Threatening, Witness Intimidation, and Burglary for threatening one of his prior rape victims with death or serious physical injury around January 26, 1990. (PSR ¶33) Kozohorsky was sentenced

to a total of sixteen years imprisonment. *Id*. He was released from prison on December 29, 2003. *Id*.

On January 2, 2006, Kozohorsky "anally raped [an adult female victim] four times and then pushed his fist into her vagina using a Bengay-type muscle rub for a lubricant during the assault." (PSR ¶34) He was convicted of Attempted Rape for that conduct. *Id*.

2.  Kozohorsky required to register as a sex offender upon release from prison in 2003.

After completing the sentence of imprisonment for his second rape conviction, Kozohorsky was required to register as a sex offender. The first time he registered was on December 29, 2003, in Arkansas. (Tr. 70, 265, 317)  Between December 2003 and February 2010, Kozohorsky completed a total of 35 sex offender registration forms in Arkansas, Wisconsin, and Missouri. (Tr. 222-31)

The last time Kozohorsky signed a sex offender registration form was February 5, 2010. (Tr. 162-64, 222, 330) On that date, Kozohorsky listed his current address as an apartment on Broadway in Poplar Bluff, Missouri. (Tr. 159) The form stated the next date to register was May 5, 2010. (Tr. 159, 331)

3.  Kozohorsky charged with Missouri offense of "Failure of a Sex Offender to Report" in 2009 and 2010.

In October 2009, a state charge was filed against Kozohorsky in Butler County, Missouri for failing to verify his registration information within 90 days (hereinafter "2009 Butler County Case"). (PSR ¶37) On March 19, 2010, Lt. Sutton of the Poplar Bluff Police Department learned that Kozohorsky failed to appear for the trial in the 2009 Butler County Case. (Tr. 192) Lt. Sutton went to Kozohorsky's last reported address, the

Broadway apartment, and found that someone else was living there. *Id*. at 192, 194. Lt. Sutton then called Kozohorsky. Kozohorsky told Lt. Sutton that he no longer lived there; adding that he was in Tennessee and headed to Arkansas. Id. at 195-96, 291. Kozohorsky also told Lt. Sutton that he did not need to register in those states unless he worked at least five days in a row in one place. *Id*. at 209.

Based on Kozohorsky's statements, a second state charge (hereinafter "2010 Butler County Case") was filed against Kozohorsky, for failing to verify his registration information. Between February 6 and September 30, 2010, Kozohorsky did not register his address with any law enforcement agency. (Tr. 222, 230)

4.    Fugitive investigation opened to find Kozohorsky.

Based on Kozohorsky's failure to appear in court for the 2009 Butler County Case in March 2010, a state arrest warrant was issued. (Tr. 192) The U.S. Marshal's office was contacted for assistance and a fugitive investigation was opened in April, 2010. (Tr. 217-19) On September 30, 2010, the U.S. Marshals and local law enforcement arrested Kozohorsky at 404 Union Street in Marked Tree, Arkansas. (Tr. 219) Kozohorsky's sex offender registration was not current in any state at that time. (Tr. 222, 226-28)

When Kozohorsky was found in Arkansas, he was arrested on two outstanding warrants (Tr. 221) and surrendered to Poinsett County Arkansas, where he spent approximately two months in jail. (Tr. 221, 250, 298-99). Kozohorsky was then sent to Butler County for the 2009 Butler County Case. (Tr. 250, 299)

5.    Kozohorsky pled guilty to 2009 Butler County Case.

In January 2011, Kozohorsky pled guilty to the 2009 Butler County Case (failing to report within 90 days of March 9, 2009). (PSR ¶37) The Prosecutor agreed to dismiss the 2010 Butler County charge and a three-year sentence was recommended.

Roughly two weeks later, a Grand Jury returned a federal indictment charging Kozohorsky with knowingly failing to register as required under the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250.

6.    District Court denied Kozohorsky's Motion to Dismiss Indictment.

On July 29, 2011, Kozohorsky filed a Motion to Dismiss based on alleged Double Jeopardy and Due Process violations. (Doc. 42) This motion was denied.

7.    Superseding Indictment filed.

On January 4, 2012, a Superseding Indictment was returned by a Grand Jury charging:

> Beginning at a time unknown. . ., but including between on or about March 22, 2010, and. . .September 30, 2010, in Butler County, within . . .the Eastern District of Missouri, and elsewhere, JAMES D. KOZOHORSKY,. . .traveled in interstate commerce and knowingly failed to register and update a registration in the State of Arkansas as required by federal law,. . .

(Doc. 76)

8.    Kozohorsky's Trial Testimony.

Kozohorsky testified that the year prior to January 2011, he did not live in Arkansas and was not required to register due to his frequent travel for work. (Tr. 274, 287-89, 291-93, 309-10)  However, during Kozohorsky's state guilty plea to the 2009 Butler County Case in January 2011, the Butler County Judge inquired into where

Kozohorsky lived. Kozohorsky responded that he lived in Arkansas during the year 2010 and in Butler County from approximately 2008-09.

During direct examination in the federal jury trial, Kozohorsky attempted to explain why he told the Butler County Judge that he lived in Arkansas. (Tr. 308-310) That explanation was not credible.

On January 6, 2012, Kozohorsky was found guilty of failing to update his sex offender registration in the state of Arkansas as required by federal law between on or about March 22 and September 30, 2010. (PSR ¶1)

## B.    THE PRESENTENCE REPORT

The Probation Office prepared three versions of the Presentence Report, the last of which was called "Final Revised Copy of the Presentence Report" (PSR). (Doc. 109) The PSR concluded that the base offense level was 16. (PSR ¶15) Six levels were added, because while "in failure to register status" Kozohorsky "committed a sex offense against someone other than a minor." (PSR ¶16) Two more levels were added, because Kozohorsky obstructed justice "with respect to the. . .prosecution. . .of the instant offense of conviction and any relevant conduct. . ." (PSR ¶19) The Total Offense Level was 24. (PSR ¶23)

Prior to the Sentencing Hearing, the Government filed a "Notice of Intent to Not Call Witnesses at Sentencing." (Doc. 111) The Notice reported that after locating and interviewing a necessary witness for the sentencing hearing, the Government decided not to call the witness in support of the six-level "commission of a sex offense while in failure to register status" enhancement. *Id*. The Notice explained that the total offense

level should be 18, with a corresponding Guidelines range of 57-71 months. *Id*. In consideration of the relevant factors under 18 U.S.C. § 3553(a) and Kozohorsky's "multiple prior convictions for rape and attempted rape, as well as his considerable criminal history and status as a Sexually Violent Predator," the Government requested an upward variance to the statutory maximum, 120 months. *Id*. at 1-2.

Kozohorsky was assessed a total of seventeen criminal history points, resulting in a criminal history category VI. (PSR ¶41) In addition to the nine criminal history points Kozohorsky was assessed for his four rape-related convictions (PSR ¶¶31-34, no points were assessed for the 1988 rape conviction), he was assessed two points for driving while intoxicated convictions (PSR ¶¶35-36), and three points for the 2009 Butler County Case. No criminal history points were assessed for Kozohorsky's six felony burglary convictions that occurred between 1980 and 1991. (PSR ¶¶26, 27, 28, 29, 30, and 33) Kozohorsky's last two criminal history points were assessed for "committ[ing] the instant offense while under a criminal justice sentence for Attempted Rape." (PSR &40)

"The Adjustment for Obstruction of Justice" section of the PSR stated:

> [a]ccording to the government, the defendant testified contrary to the evidence presented at the trial. . .pertaining specifically to. . .the trial transcript in [the 2009] Butler County [ ] Case. . ., and [Kozohorsky]'s attempt to lie under oath during cross-examination in the instant offense regarding his residence.

(PSR ¶12)

The lie, according to the government was his testimony that he was not living in Arkansas during 2010 and that he was simply mistaken when he told the Butler county judge at the plea hearing that he had indeed lived in Arkansas during 2010.

Kozohorsky objected to the obstruction of justice enhancement. During the Sentencing Hearing, defense counsel argued what Kozohorsky "meant when he was pleading guilty in Missouri" was not "worthy of obstruction, because it wasn't an offense, and it wasn't a material statement." (Tr. 399)

## C.    SENTENCING

This Court inquired what the Government's position was regarding "the issue of materiality." (Tr. 399) The Government responded that the testimony was material, because "Kozohorsky's defense at trial was. . .that he was not living in Arkansas" in 2010. *Id*. The Government had to prove that he was living in Arkansas in 2010, which made that denial material. (Tr. 401)  This  Court overruled Kozohorsky's objection to the obstruction enhancement (Tr. 402) and found:

> based on a preponderance of the evidence that [Kozohorsky] knowingly perjured himself by making false statements that were, in fact, material. Those are the statements that you-all discussed in your memoranda and in oral argument here concerning the statements that he made to the judge in Butler County explaining away his presence or absence in Arkansas and Missouri.

(Tr. 401-402)

Kozohorsky also objected to paragraph 50 of the PSR regarding the inclusion of information from an Offender Profile Report, which provided:

> According to a Sex Offender Screening and Risk Assessment. . .
> "this offender appears to have a deviant sexual preoccupation or paraphilia (rape) and other personality characteristics (psychopathic, antisocial, sadistic) predisposing him to repeated, wanton, disregard of major social norms as well as violent sexual assault of others. His behavioral pattern is congruent with that of a serial rapist.". . . there is documentation that within just a few hours of committing one assault, he committed a similar assault at another location in the same town. Further, documentation reflects that several of his reported victims

were in the late teenage range. . .credible documentation. . .suggested a history of Kozohorsky committing violent, carefully planned sexual assaults is much greater than his extensive official record reflects. Further opining that the offenses included sadistic elements and similar modus operandi. During the assessment, Kozohorsky denied raping three victims, while admitting to raping another victim in the manner described in the official documentation, including threatening to hit her with his fist and threatening to engage in more intrusive and demeaning acts if she did not comply. In addition, Kozohorsky admitted to forcing his wife to have sex with him against her will. . . .Kozohorsky made the disclosures with no discernable signs of remorse or empathy for his victims. Kozohorsky indicates the information in this paragraph is "unreliable and untrue."

(PSR ¶50) This Court considered Kozohorsky's status in Arkansas as a sexually violent predator to support an upward variance to 120 months.

This Court made Guidelines calculations; the total offense level was 18 and the criminal history category, VI, making the advisory Guidelines range 57-71 months. (Tr. 402)

This Court ordered a 120-month sentence. (Tr. 420) Prior to announcing the length of the sentence this Court explained:

I listened to the whole trial, of course, carefully. There's no real question in the Court's mind that the jury verdict was correct. The Court's concerned by the evidence that even defense counsel has introduced at this sentencing hearing that [Kozohorsky is] a great risk to society because of [information] from Defendant's Exhibit A. This offender appears to have a deviant sexual preoccupation or paraphilia (rape) and other personality characteristics (psychopathic, antisocial, sadistic) predisposing him to repeated, wanton disregard of major social norms as well as violent sexual assault of others. His behavior profile is congruent with that of a serial rapist. . .

Your lawyer is right that this is just a registration violation, but given your criminal history and every indication about your previous behavior if ever there was a registration violation case that

deserved an upward variance, this is it.

Let me mention too that your criminal history is simply extensive.
It includes. . .two convictions for rape, an attempted rape, a burg-
lary, a terroristic threatening and intimidating a witness, and so forth.

(Tr. 419-420)

## D.    DIRECT APPEAL

On May 2, 2012, Kozohorsky timely filed his Notice of Appeal to the Eighth

Circuit Court of Appeals. On March 4, 2013, Kozohorsky's conviction and sentence were

affirmed. *United States v. Kozohorsky*, 708 F.3d 1028 (8th Cir. 2013), *cert. denied*, ___

U.S. ___, 134 S.Ct. 1014 (2014). On May 7, 2013, Kozohorsky's Petition for Rehearing

and Rehearing En Banc was denied. On January 21, 2014, Kozohorsky's Petition for Writ

of Certiorari was denied by the United States Supreme Court.

## E.    MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255.

On April 9, 2014, Kozohorsky timely filed a Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside or Correct Sentence. In his Motion, Kozohorsky claims four separate

allegations of errors by his trial counsel, which deprived Kozohorsky of his right to

effective assistance of counsel.

1.    For his first allegation, Kozohorsky alleges that his counsel was ineffective

because he was "sentenced to lifetime supervision for failure to update registry." (2255

Mot. p. 4)

2.    For his second allegation, Kozohorsky complains that "I was sentenced to

120 months when Federal Sentencing Guidelines were 57 months that is over 100%

upward departure, without specific reasons for departure . . ." and cites "abuse of discretion standard 28 U.S.C. § 944(b)(2) F.S.G." (sic) Kozohorsky also claims that "Judge gave me a 2 point enhancement and only a jury may do so for obstruction of justices." (sic) (2255 Mot. p. 5).

3.      For his third allegation, Kozohorsky alleges "double jeopardy/breech of contract caused by Federal government with State of Mo." Specifically Kozohorsky claims that "I had 2 failure to register cases I plead guilty to one and the contract/agreement with State of Missouri was other one would be null processed and be done away with, yet Federal Government picked it up causing a breech of contract and infringing on states right to enter into a legal contract with me. I served a 3 yr. sentence in State of Missouri already for this exact same charge." (sic) (2255 Mot. p. 7)

4.      For his fourth allegation, Kozohorsky alleges "ineffectiveness of counsel" and supports that allegation by claiming that his counsel "missed many legal issues and rendered me ineffectiveness of counsel." (sic) Kozohorsky summarizes his claims asserted in Grounds One, Two and Three by claiming that his attorney "missed oversentencing, breech of state contract, improper for a Judge to find obstruction of justice and enhance sentence by 2 points without a jury's finding and so much more." (sic) (2255 Mot. p. 8)

## III. APPLICABLE LAW

### A.    NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF.

28 U.S.C. § 2255 provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary "when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case.'" *Id.* at 225-26, quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974). *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995), and *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An

evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

**B.     INEFFECTIVE ASSISTANCE OF COUNSEL**

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers*, 1 F.3d at 700 (quotations omitted). More recently the Eighth Circuit has described the Strickland test as follows: "whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate

representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "'When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time.'" *Rodela-Aguilar v.United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005).

### C.   CLAIMS WHICH COULD HAVE BEEN RAISED ON DIRECT APPEAL.

Claims which could have been raised on direct appeal and were not so raised, are not cognizable pursuant to 28 U.S.C. § 2255 unless the movant can show both cause for failure to raise the issue on direct appeal and prejudice resulting from the failure. *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993).

Relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal, if the petitioner shows cause for the default and resulting prejudice. The cause and prejudice exception, however, "does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Id.* (citations omitted). A movant's pro se status does not excuse procedural default. *Stewart v. Nix*, 31 F.3d 741, 743 (8th Cir. 1994).

Section 2255 claims may provide relief for cases in which the sentence was in excess of the maximum authorized by law. *See United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993). However, this provision has been held to apply "to violations of statutes establishing maximum sentences, rather than garden-variety sentencing guideline application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). Therefore, sentencing guideline arguments do not fall under the § 2255 provision for sentences in excess of the maximum authorized by law and should be brought only on direct appeal. *Id.*

Accordingly, if a movant fails to raise sentencing guideline errors by direct appeal then he is prohibited from raising such sentencing guideline issues in a § 2255 motion, unless he can show both cause for failure to raise the issue on direct appeal and actual prejudice resulting from the failure.

## IV.    DISCUSSION

**A.   KOZOHORSKY'S COUNSEL WAS NOT INEFFECTIVE, AND
KOZOHORSKY WAS NOT PREJUDICED WHEN HIS LAWYER
FAILED TO MAKE AN OBJECTION TO KOZOHORSKY BEING
SENTENCED TO A LIFETIME TERM OF SUPERVISED RELEASE
BECAUSE IT WAS AUTHORIZED BY 18 U.S.C. § 3583(k)**

In Ground 1, Kozohorsky alleges that his counsel was ineffective because he was "sentenced to lifetime supervision for failure to update registry." At sentencing Kozohorsky did not object to the imposition of a lifetime term of supervision, nor did Kozohorsky include such a claim in his direct appeal. Kozohorsky has not shown, and cannot show, both cause for failure to raise this issue on direct appeal and nor any prejudice resulting from such failure. Kozohorsky is, therefore, precluded from asserting such a claim in a motion for post-conviction relief.

Even if Kozohorsky had timely asserted an objection to the imposition of a lifetime term of supervised release and included such a claim on direct appeal, Kozohorsky's claim is without merit. Kozohorsky was convicted of violating 18 U.S.C. § 2250 for failing to register as a convicted sex offender as required by the Sex Offender Registration and Notification Act. As referenced in Kozohorsky's Presentence Report, pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release upon conviction for a violation of 18 U.S.C. § 2250 is a term of years of not less than five years, or life. (PSR ¶ 68) The term of supervised release of life was also authorized by U.S.S.G. §5D1.2(b)(2) since Kozohorsky was convicted of a "sex offense" as defined by Application Note 1 to §5D1.2(b)(2). (PSR ¶ 69)

When Kozohorsky was sentenced on April 23, 2012, a violation of 18 U.S.C. § 2250 was considered to be a sex offense resulting in an advisory Guidelines range of up

to life imprisonment pursuant to U.S.S.G. § 5D1.2(b)(2).  However, the following year, the Seventh Circuit Court of Appeals held that a sex offender's conviction for failing to register under 18 U.S.C. § 2250 did not qualify as a "sex offense" subjecting him to a lifetime term of supervised release under the Guidelines. *United States v. Goodwin*, 717 F.3d 511, 520 (7th Cir. 2013). The Seventh Circuit then held that the "entire Guidelines 'range' becomes the statutory minimum of five years—not five years to life, as the PSR erroneously states." *Id*. at 520. *Goodwin's* holding was limited to determining the appropriate Guidelines range for a violation of 18 U.S.C. § 2250. The Seventh Circuit expressly recognized that district courts are authorized to impose a lifetime term of supervised release in failure to register cases.

> We also note that in reaching the conclusion that errors concerning the application f U.S.S.G. § 5D1.2(b)(2) warrant resentencing, we do not mean to imply that the district court is not authorized to impose a lifetime term of supervised release. Obviously, 18 U.S.C. § 3583(k) clearly authorizes any term of years from five to life. Rather, we are stating that if on remand the district court imposes a supervised release term greater than five years, this term will have to be explained by something other than the currently available five-year Guidelines range.

*Id*. at 521.

The Eighth Circuit's decision in *United States v. Deans*, 590 F.3d 907 (8th Cir. 2010) would support a contrary result to *Goodwin's* holding that there is a single point five year advisory Guidelines range for Section 2250 offenses. The *Deans* court held that the statutory supervised release range becomes the Guidelines range whenever a statutory minimum exceeds (or is equal) to the Guidelines maximum. Deans was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and

846, a class C felony. He was sentenced to five years imprisonment and five years of supervised release. *Id.* at 908-09. Deans argued on appeal that U.S.S.G. § 5D1.2(a)(2) provided a maximum term of three years supervised release for his Class C felony. Rejecting Deans' argument, the Eighth Circuit noted:

> However, that provision is subject to the exception in § 5D1.2(c), which provides that the term imposed "shall not be less than any statutorily required term of supervised release." Here, the relevant sentencing statute, 21 U.S.C. § 841(b)(1)(C), expressly trumps the generally applicable terms of supervised release set forth in 18 U.S.C. § 3583(b), which are the statutory bases for § 5D1.2(a). . . .
>
> Thus, imposition of a five-year term was neither an upward departure nor procedural error.

*Id.* at 911. (citation omitted) Under that rationale, the statutorily-authorized supervised release range in Kozohorsky's case, five years to life, would be the Guidelines range.

Recognizing the contrast between the rationale employed by the Eighth Circuit in Deans and by the Seventh Circuit in *Goodwin*, the Department of Justice has decided to adopt the *Goodwin* court's reasoning. It is therefore the Government's position that a failure to register offense is not a sex crime under U.S.S.G. § 5D1.2(b) and that the advisory supervised release Guidelines range for failure to register offenses under 18 U.S.C. § 2250 is a single point of five years. However, in SORNA cases like Kozohorsky's, pursuant to 18 U.S.C. § 3583(k), the statutorily-authorized term of supervised release upon conviction for a violation of 18 U.S.C. § 2250 is a term of years of not less than five years, or life.

While the Government maintains that *Goodwin*'s reasoning limiting the supervised release Guidelines range to five years for failure to register offenders is more

persuasive, Kozohorsky's counsel was not ineffective for failing to challenge the

Guidelines range of supervised release of five years to life because the Eighth Circuit's

rationale in *Deans* provided support for that calculation. At the time of Kozohorsky's

sentencing on April 23, 2012, *Deans* had been decided, but *Goodwin* had not.

Kozohorsky's counsel was not ineffective for failing to attack the imposition of a lifetime

term of supervised release based on a rationale that, at that time, had no support in any

published appellate decision, and that even now might not affect the supervised release

range in light of the Eighth Circuit's decision in *Deans*.

### B. SENTENCE OF 120 MONTHS AND ENHANCEMENT FOR OBSTRUCTION OF JUSTICE WERE UPHELD ON DIRECT APPEAL

For his second allegation, Kozohorsky complains that "I was sentenced to 120

months when Federal Sentencing Guidelines were 57 months that is over 100% upward

departure, without specific reasons for departure . . ." and cites "abuse of discretion

standard 28 U.S.C. § 944(b)(2) F.S.G." (sic) Kozohorsky also claims that "Judge gave me

a 2 point enhancement and only a jury may do so for obstruction of justices." (sic) (2255

Mot. p. 5).

In his direct appeal, Kozohorsky argued that his sentence of 120 months was

substantively unreasonable. Noting that its review for substantive reasonableness was

"under a deferential abuse of discretion standard," the Eighth Circuit upheld

Kozohorsky's sentence as being well within the district court's discretion to "decide that

'if ever there was a registration violation case that deserved an upward variance, this is

it.'" *Kozohorsky*, 708 F.3d at 1034. Similarly, Kozohorsky also challenged on direct

appeal the imposition of the two level enhancement for obstruction of justice. The Eighth Circuit upheld the imposition of the enhancement. *Id.* at 1032. Kozohorsky's claims that his sentence was unreasonable and was improperly enhanced for obstructing justice by testifying falsely at trial were considered and decided adverse to him on direct appeal. Accordingly, those claims cannot be relitigated in his motion to vacate his sentence. Claims that "were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Davis v. United States*, 673 F.3d 849, 852 (8th Cir.2012) (citing *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003))

Kozohorsky's claim that only a jury may apply a guideline enhancement for obstruction of justice is devoid of merit. The facts supporting an enhancement for obstruction of justice are determined by the district court. "A defendant is subject to an enhancement under U.S.S.G. § 3C 1.1 if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." *United States v. Mabie*, 663 F.3d 322, 334 (8th Cir. 2011) (quoting *United States v. Mendoza–Gonzalez*, 363 F.3d 788, 796 (8th Cir. 2004)). "A district court must find the predicate facts supporting such an enhancement for obstruction of justice by a preponderance of the evidence." *United States v. Alvarado*, 615 F.3d 916, 922 (8th Cir. 2010).

### C. KOZOHORSKY'S CLAIM THAT DOUBLE JEOPARDY BARRED HIS FEDERAL PROSECUTION FOR FAILURE TO REGISTER AS A SEX OFFENDER WAS REJECTED ON DIRECT APPEAL

For his third allegation, Kozohorsky alleges "double jeopardy/breech of contract caused by Federal government with State of Mo." Specifically Kozohorsky claims that "I had 2 failure to register cases I plead guilty to one and the contract/agreement with State

of Missouri was other one would be null processed and be done away with, yet Federal Government picked it up causing a breech of contract and infringing on states right to enter into a legal contract with me. I served a 3 yr. sentence in State of Missouri already for this exact same charge." (sic) (2255 Mot. p. 7) Prior to trial Kozohorsky moved to dismiss the charge against him, "arguing that federal prosecution was barred under the double jeopardy and due process clauses of the Fifth Amendment. The district court denied his motion, and the case went to trial." *Kozohorsky*, 708 F.3d at 1031. On appeal, Kozohorsky renewed his claim that double jeopardy barred his federal prosecution for failure to register as a sex offender. The Eighth Circuit rejected Kozohorsky's claim.

> Kozohorsky's Missouri conviction was based on his failure to register in that state in 2009, but he was prosecuted and convicted in federal court based on his failure to register in Arkansas in 2010. The Fifth Amendment only prohibits multiple prosecutions for "the same offence," U.S. Const. amend. V, and does not apply to charges based on separate and distinct acts. *See Blockburger v. United States*, 284 U.S. 299, 301–04, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

*Id*. As previously discussed, this claim cannot be relitigated in Kozohorsky's motion to vacate his sentence. *Davis*, 673 F.3d at 852.

### D. KOZOHORSKY'S COUNSEL WAS NOT INEFFECTIVE, NOR WAS KOZOHORSKY PREJUDICED BY COUNSEL'S REPRESENTATION

For his fourth allegation, Kozohorsky alleges "ineffectiveness of counsel" and supports that claim with a conclusory allegation that his counsel "missed many legal issues and rendered me ineffectiveness of counsel." (sic) Kozohorsky summarizes his claims asserted in Grounds One, Two and Three by claiming that his attorney "missed oversentencing, breech of state contract, improper for a Judge to find obstruction of

justice and enhance sentence by 2 points without a jury's finding and so much more."
(sic) (2255 Mot. p. 8)

Kozohorsky merely restates his claims set forth in Grounds One, Two and Three of his Motion, and blames his counsel for the adverse findings on those issues. As discussed previously, those issues were either briefed, argued, and decided adversely to Kozohorsky on appeal, or had no merit. Kozohorsky fails to support his conclusory allegations of ineffective assistance of counsel with any facts indicating his counsel was ineffective. Moreover, Kozohorsky cannot establish prejudice by any actions or omissions of his counsel, because he cannot establish a reasonable probability that his sentence would have been less than 120 months even if he had alleged and could prove that his attorney was ineffective. As noted by this Court, "if ever there was a registration violation case that deserved an upward variance, this is it."

The record refutes all Kozohorsky's claims of ineffective assistance of counsel. In fact, the record demonstrates that Kozohorsky received very effective assistance of able counsel throughout the proceedings, including on direct appeal. Kozohorsky cannot prove *Strickland* prejudice on any of his claims.

## CONCLUSION

Kozohorsky cannot show that his attorney was ineffective for any of the reasons mentioned in his Motion. Kozohorsky's allegations of ineffective assistance are contradicted and refuted by the record. Kozohorsky's allegations of ineffective assistance of counsel fail both prongs of the *Strickland* test.

Accordingly, the Petition Under 28 U.S.C. § 2255 filed by Kozohorsky is

**DENIED**. The record conclusively refutes Kozohorsky's allegations of ineffective

assistance of counsel on each point raised by Kozohorsky in his 2255 Motion. Secondly,

Kozohorsky cannot demonstrate prejudice by any alleged errors by his counsel, in that

there is no reasonable probability that Kozohorsky would have received a sentence lower

than the ten years. Kozohorsky received very effective assistance of counsel at all stages

of the proceedings against him, by a very able, experienced and competent attorney.

    **IT IS FURTHER ORDERED** this Court will not issue a certificate of

appealability because Kozohorsky has not made a substantial showing of the denial of a

federal constitutional right.

    **SO ORDERED** this 19th day of September, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE